# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JAMES SPACK,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-241**   (JCN: 2022016774)

**MIKE'S APPLIANCES, LLC,**
**Employer Below, Respondent**

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James Spack appeals the May 23, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Mike's Appliances, LLC, ("Mike") filed a timely response.[1] Mr. Spack did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Mr. Spack no permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 16, 2022, Mr. Spack was seen in the emergency room of CAMC for a large avulsion laceration to his right forearm. He reported that he was working on a dryer when he cut his right forearm on some sheet metal. Mr. Spack was able to move his arm and denied any numbness or tingling in the right arm. A physical examination revealed a v-shaped laceration to the medial aspect of the right forearm, and wound exploration revealed no evidence of muscle, tendon, nerve injury or foreign body. Mr. Spack's wound was repaired, and sterile dressing applied.

Mr. Spack filed two separate Employees' and Physicians' Reports of Occupational Injury or Disease, both dated February 16, 2022, indicating that he injured his right forearm while working on a dryer. The physicians' sections of both applications indicate that Mr. Spack sustained an occupational injury to his right forearm. On February 22, 2022, the

---

[1] Mr. Spack is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Mike is represented by Jane Ann Pancake, Esq.

1

claim administrator issued an order holding the claim compensable for laceration without foreign body of the right forearm.

Prior to the compensable injury, Mr. Spack was seen by Rajesh Patel, M.D., on March 19, 2018, and October 24, 2018. Mr. Spack presented with complaints of severe pain in his neck and lower back with weakness, numbness, and tingling in his arms. Dr. Patel assessed cervical myelopathy, cervical radiculitis, headaches, cervical spinal stenosis at C3-C7, cervical degenerative disc disease at C3-T1, cervical neural foraminal stenosis at C3-C7, and cervical myelopathy. Mr. Spack reported that the weakness in his arms was getting progressively worse, and he was dropping things more frequently. Dr. Patel opined that Mr. Spack's symptoms could be due to peripheral nerve entrapment.

Returning to the compensable injury, on May 9, 2022, Mr. Spack reported to Kyle Muscari, DO, that he was experiencing muscle weakness in his injured right arm. In response, Dr. Muscari ordered a nerve conduction study. Mr. Spack underwent an EMG study of his upper extremities performed by Barry K. Vaught, M.D., on July 20, 2022, revealing electrophysiologic evidence of right ulnar neuropathy at the elbows and mild bilateral carpal tunnel syndrome. The EMG conclusion was that the right ulnar neuropathy at the elbow was consistent with the nature of the injury and there was also evidence of mild bilateral carpal tunnel syndrome. On November 21, 2022, Dr. Muscari reviewed the EMG results and assessed ulnar neuropathy of the right arm/lesion of ulnar nerve, right upper limb. A functional capacity evaluation was ordered.

On April 19, 2023, Prasadarao Mukkamala, M.D., performed an evaluation of Mr. Spack. Mr. Spack reported pain in the right forearm, cramping in the fingers of his right hand, and reduced grip strength in the right hand. Dr. Mukkamala found Mr. Spack to be at maximum medical improvement ("MMI") and in need of no further medical treatment. Dr. Mukkamala disagreed with the EMG findings and opined that Mr. Spack's ulnar neuropathy was not causally related to the compensable injury of February 16, 2022, as Mr. Spack's emergency room records revealed no evidence of a nerve injury. Dr. Mukkamala further opined that Mr. Spack's upper extremity neurological symptoms were unrelated to the compensable injury. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993) ("*Guides*"), Dr. Mukkamala found Mr. Spack to have no ratable whole person impairment ("WPI") for the injury.

Bruce Guberman, M.D., evaluated Mr. Spack on July 10, 2023. Dr. Guberman noted that Mr. Spack's laceration was sutured at the emergency room, but the scar remained slightly symptomatic, and that Mr. Spack had developed numbness and tingling in his right upper extremity in the distribution of the ulnar nerve following the injury. Physical examination of Mr. Spack's right upper extremity revealed decreased grip strength in the right hand. Dr. Guberman found Mr. Spack at MMI. Using the *Guides*, Dr. Guberman found Mr. Spack to have 7% WPI for sensory and motor abnormalities in the distribution

of the right ulnar nerve, and 1% WPI for a slightly symptomatic right forearm scar. In total, Dr. Guberman found Mr. Spack to have 8% WPI related to the compensable injury.

On May 23, 2024, the Board affirmed the claim administrator's order, which granted Mr. Spack no PPD award. The Board found that Mr. Spack failed to establish that he had permanent impairment related to his compensable injury. Mr. Spack now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Spack argues that the Board disregarded Dr. Muscari's, Dr. Vaught's, and Dr. Guberman's opinions that his symptoms of ulnar neuropathy were caused from the compensable injury. Thus, Mr. Spack asserts that the Board erred in finding that Dr. Mukkamala's report was more credible than Dr. Guberman's report.

The Board found that Dr. Mukkamala's opinion that Mr. Spack had no impairment related to his compensable injury was the most reliable. The Board noted that Dr. Guberman rated a noncompensable condition, ulnar neuropathy, and, thus, found that his report was not persuasive. The Board concluded that Mr. Spack had not established that he had permanent impairment related to his compensable injury, a laceration of the right forearm.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Spack failed to establish that he had permanent impairment related to his compensable

laceration of the right forearm. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

We do not find Mr. Spack's argument that the Board disregarded evidence establishing that his symptoms of ulnar neuropathy were caused by the compensable injury to be persuasive. We note, as did the Board, that ulnar neuropathy is not a compensable condition in the instant claim. Thus, we conclude that the Board was not clearly wrong in finding that Dr. Guberman's report was not persuasive as it included a rating for a noncompensable condition. Further, we conclude that the Board was not clearly wrong in finding that Dr. Mukkamala's report was the most reliable.

Accordingly, we affirm the Board's May 23, 2024, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear